Filed 6/16/15  P. v. Mota CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C077173 |
| v. | (Super. Ct. Nos. 14F1432, 13F5597, 13F6715 ) |
| DARLYNE DANETTE MOTA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Darlyne Danette Mota asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.  We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

On August 16, 2013, defendant walked out of a Rite Aid drug store with alcoholic beverages she did not pay for. Defendant was arrested, charged in Shasta County Superior Court case No. 13-05597 (No. 5597), and released on bail.

On September 16, 2013, defendant walked out of a Raley's supermarket with several items including alcoholic beverages she did not pay for. Defendant was followed by the Raley's store manager to an adjacent business, "SHOPKO." The Raley's store manager believed defendant intended to take items from SHOPKO without paying for them, and warned the SHOPKO employees. Defendant was arrested and charged with multiple crimes in Shasta County Superior Court case No. 13-06715 (No. 6715).

In case No. 6715, defendant pled no contest to burglary (Pen. Code, § 459)[1] and admitted to being previously convicted of assault with a deadly weapon (§ 245, subd. (a)(1)). In case No. 5597, defendant pled no contest to petty theft with a prior theft conviction (§ 666) and admitted to being previously convicted of assault with a deadly weapon (§ 245, subd. (a)(1)). In exchange for defendant's plea, the remaining charges in both matters were dismissed with *Harvey*[2] waivers along with two unrelated cases. Defendant reserved the right to argue her prior conviction was not a strike offense and the People agreed defendant would serve a maximum term of four years in state prison if the prior conviction were determined to be a strike offense. The trial court later found defendant's prior conviction was, in fact, a strike offense.

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

2

On March 15, 2014, Ronald Fallows heard "some commotion" outside his apartment. Fallows went outside and approached defendant. Defendant waved a large stick at Fallows, "nick[ing]" his glasses. As defendant swung the stick at Fallows, she threatened to hurt him. She also said: "I'm going to [f] you up right now." Defendant then hit a small dog with the large stick.

Defendant was arrested and charged with multiple crimes in Shasta County Superior Court case No. 14-1432 (No. 1432). The trial court later denied defendant's motion for new counsel and defendant pled no contest in case No. 1432 to making a criminal threat. (§ 422.) Defendant also admitted she was previously convicted of assault with a deadly weapon by means likely to inflict great bodily injury. (§§ 245, subd (a)(1) & 12022.7.) In exchange for defendant's plea, the remaining charges and allegations were dismissed.

The trial court subsequently sentenced defendant in case Nos. 5597, 6715, and 1432 to serve an aggregate term of five years four months in state prison. The court ordered defendant to pay various fines and fees and awarded her a total of 441 days of custody credit. Defendant appeals without a certificate of probable cause.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

3

DISPOSITION

The judgment is affirmed.


                                                      _____HOCH_____, J.



We concur:



_____NICHOLSON____, Acting P. J.



_____MURRAY____, J.

4